**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ANTOINE MEDDLER,**

       **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No. 4:10cv532-SPM/WCS**

**EDWIN G. BUSS,
CHARLES D. TERRELL,
KATHLEEN FURHAM,
and A. THIGPEN,**

       **Defendants.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate proceeding *pro se*, initiated this civil rights action on

November 29, 2010.  Doc. 1.  Service of the complaint was directed, doc. 8, and

Defendants filed an answer, doc. 15, and amended answer, doc. 18, and a motion for

summary judgment.  Doc. 22.  Ruling was deferred until after the discovery period.  Doc.

23.  Plaintiff was advised of his obligation to respond to the summary judgment motion,

and given until October 28, 2011, to file his response.  Doc. 23.  Plaintiff has failed to

respond and the unopposed summary judgment motion should be granted.

Procedurally, Plaintiff previously indicated that he did not wish to pursue relief

against Defendant McNeil in his individual capacity.  Doc. 21.  Accordingly, Plaintiff was

deemed to have voluntarily dismissed his claim against Defendant McNeil, and the case

proceeds against Defendant Buss in his official capacity only and against Defendants

Terrell, Furham, and Thigpen.  Doc. 23.

It is also noted that my ruling in this case follows several prior decisions in the

Northern District of Florida that have concluded the Department of Corrections' master

menu does not violate the Eighth Amendment.  *See* Harris v. McNeil, 5:10cv76-RS/MD;

Ruiz v. Furnham, 2010 WL 5289003, 4:10cv275-MP/GRJ (N.D. Fla. 2010); and Mott v.

Fuhrman, 2010 WL 3385338, 5:10cv146-SPM/AK (N.D. Fla. 2010).  I have also just

entered a report and recommendation in another case concerning this same issue,

Floyd v. McNeil, 4:10cv289-RH/WCS, recommending that summary judgment be

granted in favor of Defendants.  As Plaintiff has not filed a response to the summary

judgment motion, there is no basis to deny summary judgment in this case and this

issue is now clearly established.

**Allegations of the complaint, doc. 1**

Plaintiff is a state prisoner who claims his Eighth Amendment rights are violated

because Defendant have failed to provide him with a nutritionally adequate diet.  Doc. 1,

p. 10.  Plaintiff complains that in 2009, the Department of Corrections took over the food

service department from the prior vender, Aramark, and now serve foods high in soy

protein to save money.  *Id.*, at 4-5.  Plaintiff contends the Defendants knew the high

level of soy in the new menu would expose the prisoners to "serious medical problems"

and that the "level of woy was high and unhealthy for prisoners."  *Id.*, at 5.  Plaintiff

complains that he has experienced digestive problems, weight loss despite a constant

feeling of hunger, sharp pains in one of his testicles, sharp pains in abdomen, and

diarrhea.  *Id.*, at 4, 7.  He believes all his symptoms are due to "soy poisoning."  Plaintiff states that after his grievances were denied, he began "selectively eating what" he could to avoid the high level of soy, *Id.*, at 6, and contends the "alternate entree" mean is "not sufficient to sustain a nutritionally balanced diet" and, moreover, "causes excessive gas and intestinal discomfort" and he cannot "live comfortably with [his] cell-mate due to the need to expel flatulence every few minutes."  *Id.*, at 7.[1]  As relief, Plaintiff sought nominal, compensatory and punitive damages and injunctive relief.  *Id.*, at 11.

**Summary judgment motion, doc. 22**

Defendants assert they are entitled to judgment as a matter of law because the "soy protein products served as part of the 'master menu' program have been determined to be healthy and safe by national organizations."  Doc. 22, p. 2. Defendants point out that inmates "who do not wish to consume the soy protein products on the master menu can avoid them by choosing an 'alternative entree' at every meal."  *Id.*  Indeed, Plaintiff acknowledges in the complaint that he has been able to limit soy in his diet with the alternative entree.  *See* doc. 1.  Should an inmate have a medical condition "indicating they should not consume soy," the inmate may be provided a 'therapeutic' diet."  Doc. 22, p. 2.

**Legal standards governing a motion for summary judgment**

On a motion for summary judgment Defendants initially have the burden to demonstrate an absence of evidence to support the nonmoving party's case.  <u>Celotex</u>

---

[1] Plaintiff's complaint is not deemed to raise claims concerning medical care as none of these Defendants have any responsibility for providing medical treatment.

Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d

265 (1986).  If they do so, the burden shifts to Plaintiff to come forward with evidentiary

material demonstrating a genuine issue of material fact for trial.  *Id.*  An issue of fact is

"material" if it could affect the outcome of the case.  Hickson Corp. v. Northern

Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted).  Plaintiff

must show more than the existence of a "metaphysical doubt" regarding the material

facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S.

574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is

insufficient.  The court must decide "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law."  Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v.

Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986).  All

reasonable inferences must be resolved in the light most favorable to the nonmoving

party, Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999), if there is a

genuine dispute as to those facts.  Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769,

167 L.Ed.2d 686 (2007), *cited in* Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009).

"Where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no genuine issue for trial."  Matsushita Elec. Industrial Co.,

475 U.S. at 587 (internal quotation marks omitted), *quoted in* Ricci v. DeStefano, 129

S.Ct. at 2677.

  "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by

her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

file,' designate 'specific facts showing that there is a genuine issue for trial.' "  Owen v.

<u>Wille</u>, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting*

<u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The

nonmoving party need not produce evidence in a form that would be admissible as Rule

56(e) permits opposition to a summary judgment motion by any of the kinds of

evidentiary materials listed in Rule 56(c).  <u>Owen v. Wille</u>, 117 F.3d at 1236; <u>Celotex</u>, 477

U.S. at 324, 106 S. Ct. at 2553.

**The relevant Rule 56(e) evidence**

At the time of case initiation, Defendant Walter McNeil was Secretary of the

Department of Corrections, and Defendant Thigpen was a senior management analyst

supervisor.  Doc. 49, pp. 2-3.  Neither of those two Defendants are currently employed

by the Department.  Defendant Edwin Buss was automatically for Defendant McNeil

pursuant to FED. R. CIV. P. 25(d).  *See* doc. 23.  Defendant Fuhrman is the public health

nutrition program manager and a registered dietician, and Defendant Terrell is bureau

chief for institutional support services.  Each named Defendants has "varying degrees of

responsibility over the delivery of food service to FDOC inmates."

Defendant Terrell has supervision of the food service section.  Doc. 22, ex. A

(hereinafter "Terrell affidavit").[2]  Florida prison inmates are "served meals pursuant to a

'master menu' meal program approved by an FDOC official who is a registered dietician,

namely [Defendant] Fuhrman . . . ."  *Id.*, at ¶5.  Meat products from the Master Menu

have no more than "50% Textured Vegetable Protein (TVP)."  *Id.*, at ¶6.  There are

"three TVP entree items which are served six times over the course of the 28-day menu

---

[2] Defendants provided affidavits by Defendant Thigpen (Ex. B; doc. 22-1) and Defendant Fuhrman (Ex. C; doc. 22-1) which are virtually identical to Defendant Terrell's affidavit.  Thus, only Defendant Terrell's affidavit is referenced.

cycle."  *Id.*  Because "TVP is a high protein food product which has a negligible fat content" it is "considered a 'heart healthy' food item."  *Id.*  Manufacturers of the TVP state that "soy protein is economical and comparable in quality to animal and milk proteins."  *Id.*, at ¶7.  Soy protein also "contains all nine essential amino acids."  *Id.*  Soy flour is not used in bakery products and the Protein Digestibility Corrected Amino Acid Score of "TVP is 0.94 as compared to the top score of 1.00 for egg white and casein." *Id.*

Inmates who do not want to eat meat or TVP can choose the alternate entree meal which is available at every meal.  *Id.*, at ¶8.  "The alternate entree meals consist of cooked dried beans, cheese, or peanut butter."  *Id.*  Additionally, "inmates may be prescribed a therapeutic diet if a medical condition exists that prohibits them from eating the regular menu."  *Id.*, at ¶9.  If an inmate suspects he is allergic to soy or a medical condition indicates "he should not consume soy, he can be tested medically and placed on a therapeutic diet."  *Id.*

"All meals provided to the general inmate population meet the Dietary Reference Intakes as established by the Food and Nutrition Board of the National Academy of Sciences."  *Id.*, at ¶10.  The National School Lunch and Breakfast Program has also "approved soy as an Alternate Protein Product (APP) for use in [that] federally funded program."  *Id.*, at ¶11.  That program requires that an "alternate protein product must contain at least 18% protein by weight when fully hydrated."  *Id.*  The Department's soy products meet the program's requirements.  *Id.*

"The American Dietetic Association (ADA) has indicated that 25 grams or more of soy protein per day has been associated with a reduction in total and LDL-cholesterol

levels, and thus with reduced risk of coronary heart disease."  *Id.*, at ¶12.  Moreover, the

Food and Drug Administration's expert panel reviewed scientific findings regarding soy

proteins and concluded "soy protein is generally recognized as safe (GRAS) after this

scientific investigation."  *Id.*, at ¶13.

**Analysis**

The United States Constitution does not require "comfortable prisons" with all the

amenities, but it requires that prisons not be "inhumane."  Farrow v. West, 320 F.3d

1235, 1242 (11th Cir. 2003), *citing* Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct.

1970, 1976, 128 L.Ed.2d 811 (1994).  The conditions of prison life and the treatment of

prisoners is governed by the Eighth Amendment, which prohibits cruel and unusual

punishment.  Farrow, 320 F.3d at 1242-43, *citing* Helling v. McKinney, 509 U.S. 25, 31,

113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993).  In general, "prison conditions rise to the

level of an Eighth Amendment violation only when they 'involve the wanton and

unnecessary infliction of pain' "  Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir.

2004), *quoting* Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69

L.Ed.2d 59 (1981).

A two-part analysis governs Eighth Amendment challenges to conditions of

confinement.  Chandler, 379 F.3d at 1289.  "First, under the 'objective component,' a

prisoner must prove that the condition he complains of is sufficiently serious to violate

the Eighth Amendment."  Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117

L.Ed.2d 156 (1992), *cited in* Chandler, 379 F.3d at 1289.

> The challenged condition must be "extreme."  *Id.,* at 9, 112 S.Ct. at 1000.
> While an inmate "need not await a tragic event" before seeking relief,
> *Helling v. McKinney,* 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d

22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.,* at 35, 113 S.Ct. at 2481.  Moreover,  the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.  In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.  *Id.,* at 36, 113 S.Ct. at 2482.

Chandler, 379 F.3d at 1289.  The second part of the analysis requires prisoners to show that prison officials "acted with a sufficiently culpable state of mind" regarding the condition at issue.  Hudson, 503 U.S. at 8, 112 S.Ct. at 999 (marks and citation omitted); 379 F.3d at 1289.  "The proper standard is that of deliberate indifference." Chandler, 379 F.3d at 1289, *citing* Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1991).

While prison food need not be "tasty or aesthetically pleasing," it must be "adequate to maintain health."  LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir.1993) (finding inmate's allegations about the use of Nutraloaf did not "rise to the threshold level of a deprivation that satisfies *Wilson's* objective component."), *citing* Cunningham v. Jones, 567 F.2d 653, 659-60 (6th Cir. 1977).  "Federal courts '[c]annot be concerned with a prison menu to which prisoners believe they are entitled.  These involve matters of internal prison administration.' "  Tunnel v. Robinson, 486 F.Supp. 1265, 1269 (W.D.Pa.1980), *quoted in* Ruiz v. Furnham, 2010 WL 5289003, * 2 (N.D.Fla., 2010).

In considering these guiding principles, Defendants have shown that Plaintiff's Eighth Amendment claim fails as the objective factors by themselves prove fatal.  The

evidence reveals that while prisoners are served food which contains soy, it is safe, it provides no serious health risks, and has been shown to be beneficial to reduce cholesterol and the risk of heart disease.  The evidence further reveals that if an inmate does not want to eat foods deemed by the inmate to be "high" in soy content, he may choose an alternative entree.  Plaintiff's displeasure at the alternative or the side effects (flatulence) from that alternative does not render it unconstitutional.  The Eighth Amendment prevents Plaintiff from being subjected to an "extreme" condition, which poses an "unreasonable risk of serious damage."  *See* Chandler, 379 F.3d at 1289-90. There is no evidence to support finding that the Master Menu poses an excessive or substantial risk of harm to Plaintiff, especially considering Plaintiff acknowledges in the complaint that he can avoid foods that are high in soy content.

I also find no evidence to support the subjective factor.  Defendants have shown that soy protein "is economical and comparable in quality to animal and milk proteins." There is no evidence that serving soy products produces harm, much less any evidence to support this factor by showing Defendants *intended* harm or had a "culpable state of mind" regarding the food served to prisoners.

While restraining doubts as to the viability of this claim, Plaintiff was permitted to proceed with the case, service was directed and discovery undertaken.  Plaintiff had sufficient opportunity to support his claims, but failed to do so.  The harm to Plaintiff is not substantial and does not rise to the level of a constitutional injury.  The amount of soy, as shown by the relevant evidence, simply cannot be found to violate "contemporary standards of decency," or constitute the denial of "the minimal civilized measure of life's necessities." Chandler, 379 F.3d at 1289-90; Farrow, 320 F.3d at

1243; <u>Rhodes</u>, 452 U.S. at 347, 101 S.Ct. at 2399.  Summary judgment should be

granted in Defendants favor as Plaintiff has failed to show that the food menu of the

Department of Corrections violates the Eighth Amendment.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants'

motion for summary judgment, doc. 22, be **GRANTED,** and judgment be entered in

Defendants' favor.

**IN CHAMBERS** at Tallahassee, Florida, on December 5, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and
recommendations within 14 days after being served with a copy of this report and
recommendation.  A party may respond to another party's objections within 14 days
after being served with a copy thereof.  Failure to file specific objections limits the
scope of review of proposed factual findings and recommendations.**